**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
SHAUNDA JOHNSON, individually and on behalf of her
infant child LG; DEBORAH GREEN, individually and on
behalf of her infant child NG,

Civil Action No. 1:16-cv-4663
**FIRST AMENDED**
**COMPLAINT**

                                          Plaintiffs,

        -against-

**JURY TRIAL**
**DEMANDED**

THE CITY OF NEW YORK, POLICE OFFICER JOEL
PAULINO, SGT. CAMACHO, &  JOHN and JANE DOE (1-
5) police officers of the New York City Police Department,
the identity, rank, and number of whom is presently unknown,

                                          Defendants.
-----------------------------------------------------------------------X

        Plaintiff SHAUNDA JOHNSON, individually and on behalf of her infant child LG;

DEBORAH GREEN, individually and on behalf of her infant child NG, (hereinafter the

"plaintiffs"), by and through their attorney, ABE GEORGE, ESQ., complaining of the

defendants herein, upon information and belief, respectfully shows to this Court, and alleges as

follows:

## PRELIMINARY STATEMENT

        1.      This is a civil rights action stemming from a false arrest and malicious

prosecution of two infant plaintiffs in which the infant Plaintiffs and their parents seek relief for

Defendant Officers' violations of their rights secured by 42 U.S.C. § 1983, by the United States

Constitution, including its First, Fourth, and Fourteenth Amendments, and by the laws and

Constitution of the State of New York.

        2.      Plaintiffs seeks compensatory and punitive damages, an award of costs, interest

and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

3.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

4.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

5.      Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

7.      Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## PARTIES

8.      At all times relevant to this action, Plaintiff SHAUNDA JOHNSON is and was a resident of Kings County, New York.

9.      At all times relevant to this action, Plaintiff infant LG, daughter of SHAUNDA JOHNSON, is and was a resident of Kings County, New York.

10.     At all times relevant to this action, Plaintiff DEBORAH GREEN is and was a resident of Kings County, New York.

2

11.     At all times relevant to this action, Plaintiff infant NG, son of DEBORAH GREEN, is and was a resident of Kings County, New York.

12.     Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as Defendant CITY OF NEW YORK's agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of JOHN and JANE DOE (1-5) police officers of the New York City Police Department, the identity, rank, and number of whom is presently unknown.

13.     POLICE OFFICER JOEL PAULINO, and SGT. CAMACHO[1] are and were at all times relevant herein duly appointed and acting officers, servants, employees, and agents of the New York City Police Department (hereinafter "NYPD"), a municipal agency of Defendant CITY OF NEW YORK.

14.     Defendant JOHN and JANE DOE (1-5) police officers of the New York City Police Department, the identity, rank, and number of whom is presently unknown (hereinafter "JOHN and JANE DOE (1-5)") are and were at all times relevant herein duly appointed and acting officers, servants, employees, and agents of the New York City Police Department (hereinafter "NYPD"), a municipal agency of Defendant CITY OF NEW YORK.

15.     At all times relevant herein, the individual defendants were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the NYPD, in the course and scope of their duties and functions as officers, agents,

---

[1] SGT. CAMACHO's first name is not yet known and material provided to date by the CITY OF NEW YORK through the New York City Law Department just identify Sgt. Camacho with his last name and serving the 88th Precinct.

3

servants, and employees of Defendant CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by the CITY OF NEW YORK and the NYPD, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacity.

## NOTICE OF CLAIM

16.     SHAUNDA JOHNSON, DEBORAH GREEN, on behalf of LG and NG, timely filed a Notice of Claim with the Comptroller of the City of New York, setting forth the facts underlying plaintiffs' claims against Defendant CITY OF NEW YORK and Defendant NYPD.

17.     The City assigned a claim number to plaintiffs' claims, and plaintiffs were subjected to an examination pursuant to N.Y. Gen. Mun. L. Sec. 50-h.

18.     To date, Defendant CITY OF NEW YORK has not offered to settle this matter in in response to this claim.

19.     This action has been commenced within one year and ninety days of the date of occurrence of the events giving rise to this Complaint.

## STATEMENT OF FACTS

20.     On the summer evening of July 30, 2015, at approximately 10:00 p.m., Plaintiff infants LG (hereinafter "LG"), NG (hereinafter "NG"), and their infant friend DA (hereinafter the "DA") and a large group of children, were in the vicinity of the Atlantic Terminal Shopping Mall, located at 139 Flatbush Ave, in Brooklyn, NY.

21.     Not all of the members of the large group were friends with LG, NG or DA, (collectively "Plaintiff Infants") and many were friends of other minors that were present.

4

22.     LG, NG, and DA were in the area of the Atlantic Terminal walking towards Fort Greene Park -- the area where LG lived.

23.     At approximately 10PM, in the vicinity of the Atlantic Terminal one of the children in the large group struck a bystander pedestrian in the face as the group was moving towards Fort Greene Park.

24.     Neither LG or NG, assisted, suggested, or commanded that this other individual strike the pedestrian in the face.

25.     LG and NG, were merely present at the time the other individual struck the pedestrian in the face.

26.     As the pedestrian lay bleeding on the ground, LG approached the pedestrian, and asked whether he needed assistance.

27.     At this point, the group that LG, NG, and DA had been walking with began to run from the scene in different directions.

28.     In turn, out of fear of potentially being arrested because they were with the group that contained the individual who struck the pedestrian, LG, NG and DA ran towards Fort Greene Park, located a few blocks away.

29.     About thirty minutes later, LG, NG, and DA were walking in Fort Greene Park when POLICE OFFICER JOEL PAULINO, SGT. CAMACHO & JOHN and JANE DOE (1-5), police officers of the New York City Police Department, the identity, rank, and number of whom is presently unknown, stopped and unlawfully detained LG, NG, and DA.

30.     POLICE OFFICER JOEL PAULINO, SGT. CAMACHO & JOHN AND JANE DOE (1-5) police officers conducted a faulty unduly suggestive show up identification of LG, NG, and DA, with the injured pedestrian.

31.     Upon information and belief the pedestrian did not identify LG, NG, nor DA yet all of the infant plaintiffs were placed under arrest without probable cause.

32.     Upon information and belief JOHN AND JANE DOE (1-5) police officers arrested LG, NG, and DA on gang assault charges.

33.     Under the New York State Penal Law, gang assault, a felony, is an assault in which physical injury or serious physical injury is caused to another person with assistance from two or more people in the commission of the act.

34.     LG, NG, were not involved in nor did they provide assistance to anyone who attacked the bystander pedestrian on July 30, 2015.

35.     LG, NG, and DA were handcuffed and first transported by police to the 88th Police Precinct in the vicinity of 298 Classon Avenue Brooklyn, New York.

36.     At the precinct, LG, NG, and DA, were searched, photographed, and fingerprinted by uniformed NYPD officers.

37.     LG, and NG were not given an opportunity to communicate with their parents or provided with access to legal counsel despite repeated requests to speak with their parents.

38.     At one point SHAUNDA JOHNSON mother for LG arrived at the 88th precinct while LG was present but police officers refused to let SHAUNDA JOHNSON see her infant child.

39.     Upon information and beliefs LG, NG, and DA were then shackled and transported to a DETENTION CENTER in the Bronx by POLICE OFFICER JOEL PAULINO, SGT. CAMACHO & JOHN AND JANE DOE (1-5) police officers, in the middle of the night. The shackles and cuffs used on the infants were excessive and hurt the infant plaintiffs.

40.     Upon information and belief the DETENTION CENTER did not let the infant children LG, NG, and DA communicate with their respective guardians. The DETENTION CENTER continued the unlawful detention of infants LG, NG, and DA.

41.     Upon information and belief the following morning, on July 31, 2015, at approximately 7:00 a.m., LG, NG, and DA were released and transported by the DETENTION CENTER, to Brooklyn Family Court.

42.     Following further processing, LG, NG, and DA were released on their own recognizance by a family court judge a few hours later, at approximately noon.

43.     LG, and NG were wrongfully detained for at least 20 hours.

44.     SHAUNDA JOHNSON, mother of LG who had been at Brooklyn Family Court waiting for her daughter, had been told by a court official that the bystander pedestrian who had been struck had not identified LG, or NG.

45.     Records from the New York City Law Department indicate that the victim never identified the female defendants LG or DA. Further, after the incident the victim was not sure if NG actually was the perpetrator that hit him.

46.     On or around September 16, 2015, the charges against LG, and NG were dismissed by the Office of Corporation Counsel of the New York City Law Department, by ACC Kamerman, who declined to prosecute charges against the aforesaid infants on September 16, 2015.

### FIRST CLAIM: GENERAL ALLEGATIONS
Fourth, Fifth and Fourteenth Amendments and 42 U.S.C § 1983
By All Plaintiffs Against All Defendants

47.     Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

48.     By the actions described above, defendants POLICE OFFICER JOEL PAULINO, SGT. CAMACHO & JOHN AND JANE DOE (1-5) police officers arrested infant Plaintiffs LG, and DA without having probable cause to arrest Plaintiffs for any offense. The conduct of defendants, as described herein, amounted to false arrest, excessive use of force, malicious abuse of process, failure to intervene, unlawful stop and frisk, unreasonable detention, unreasonable search and seizure, racial profiling, abuse of authority, unlawful taking of private property, discrimination, selective enforcement, denial of equal protection of the laws, denial of due process rights and malicious prosecution. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

49.     Plaintiff Parents SHAUNDA JOHNSON, DEBORAH GREEN, (collectively "Plaintiff Parents") were deprived of their liberty interests, protected by the Fourteenth Amendment, in the care, custody and management of their children when defendant police officers wrongfully and maliciously arrested their children, the infant Plaintiffs.

50.     Consequently, Plaintiffs have been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### SECOND CLAIM FOR RELIEF: FALSE ARREST
42 U.S.C. § 1983 and Fourth and Fourteenth Amendments
All Infant Plaintiffs Against JOHN AND JANE DOE (1-5)

51.     Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

52.     Defendant POLICE OFFICER JOEL PAULINO, SGT. CAMACHO & JOHN AND JANE DOE (1-5) police officers in arresting infant Plaintiffs LG and NG without probable cause and confining said infants who were conscious of their imprisonment against their will and without any privilege to do so as is required by the Fourth and Fourteenth Amendments are liable for violating 42 U.S.C. § 1983, which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

53.     As a direct and proximate result of aforesaid Defendants' unlawful actions, Plaintiff infants have suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.


### THIRD  CLAIM FOR RELIEF: MALICIOUS PROSECUTION
42 U.S.C. § 1983 and Fourth and Fourteenth Amendments
All Infant Plaintiffs Against JOHN AND JANE DOE (1-5)

54.     Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

55.      Defendant POLICE OFFICER JOEL PAULINO, SGT. CAMACHO & JOHN AND JANE DOE (1-5) police officers, in arresting infant Plaintiffs LG, and NG maliciously initiated a prosecution, wherein the defendant officers lacked probable cause to believe the proceeding could succeed which was confirmed when the Office of Corporation Counsel declined to prosecute charges against the aforesaid infants on September 16, 2015.

56.     By their conduct, as described herein, and acting under color of state law, Defendants POLICE OFFICER JOEL PAULINO, SGT. CAMACHO & JOHN AND JANE DOE (1-5) police officers, are liable to infant Plaintiffs under 42 U.S.C. § 1983 for the violation,

of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

57.     As a direct and proximate result of Defendants' unlawful actions, infant Plaintiffs LG, and NG have suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## FOURTH CLAIM: FAILURE TO TRAIN
### 42 U.S.C § 1983
### Plaintiffs Against CITY OF NEW YORK

58.     Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

59.     The NYPD's training program was not adequate to train the defendant POLICE OFFICER JOEL PAULINO, SGT. CAMACHO & JOHN AND JANE DOE (1-5) police officers, to properly handle usual and recurring situations, particularly in terms of proper procedures to identify those perpetrating crimes.

60.     The NYPD and the City of New York were deliberately indifferent to the need to train its officers adequately.

61.     Specifically, if defendant officers POLICE OFFICER JOEL PAULINO, SGT. CAMACHO & JOHN AND JANE DOE (1-5) police officers, were better trained on conducting line up procedures and investigations infant plaintiffs LG and NG would not have been arrested.

62.     The failure to provide proper training was the cause of the infant Plaintiffs' deprivation of their due process rights.

63.     In the deprivation of their freedom through their wrongful arrest infant Plaintiffs LG and NG were harmed in this malicious prosecution and false arrest and the NYPD's failure to adequately train its officers' was a substantial factor in causing the harm.


## FIFTH CLAIM: MUNICIPAL LIABILITY
### 42 U.S.C § 1983
### By All Plaintiffs Against CITY OF NEW YORK

64.     Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

65.     Defendant CITY OF NEW YORK, acting  through the NYPD,  had  actual and/or defacto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, lawful search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, and obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect  an arrest  only  when  probable  cause  exists  for  such  arrest.

66.     Further, the existence of  the  aforesaid  unconstitutional  policies,  practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

67.     Schoolcraft  v.  City  of  New  York, 10-CV-6005 (RWS) (S.D.N.Y) (police officer who exposed a precinct's policies and practices of illegal quotas for the issuance of summonses and arrests, falsifying evidence and suborning perjury alleges he was arrested and committed to a psychiatric facility in retaliation for exposing these practices and customs);

68.   Taylor-Mickens v. City of New York, 09-CV-7923 (RWS)(S.D.N.Y)(police officers at 24th precinct issued four summonses to a woman in retaliation for her lodging a complaint with the Civilian Complaint review Board against the precinct);

69.   People v. Pagan, 6416-2008 (Sup. Ct. N.Y. Co.) (officer swears out a false complaint and is convicted of falsifying police records);

70.   Lin v. City of New York, 10-CV-1936 (PGG) (S.D.N.Y) (officers arrest a person lawfully photographing an arrest of a bicyclist in Times Square and swear out criminal complaints   that   is contradicted by video evidence);

71.   Colon v. City of New York, 9-CV-0008 (JBW)(E.D.N.Y) (in an Order dated November 29, 2009 denying the City's motion to dismiss, wherein the police officers at issue were prosecuted for falsifying evidence, the Honorable Jack B. Weinstein wrote: 'Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration—through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department—there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.'

72.   People v. Arbeedy, 6314-2008 (Sup. Ct. Kings Co.) (NYPD narcotics detective found guilty planting drugs on two innocent civilians; former undercover NYPD narcotics officer, Steve Anderson, testified that fellow narcotics officers routinely maintained a

stash of narcotics to plant on innocent civilians in order to help those officers meet arrest quotas; Mr. Anderson testified concerning the NYPD's practice of "attaching bodies" to the narcotics to make baseless arrests stating: "It was something I was seeing a lot of, whether it was from supervisors or undercovers and even investigators. Seeing it so much, it's almost like you have no emotion with it. The mentality was that they attach bodies to it, they're going to be out of jail tomorrow anyway, and nothing is going to happen to them anyway. That kind of came to me and I accepted it –being around so long, and being an undercover";

73. <u>Bryant v. City of New York</u>, 22011/2007 (Sup. Ct. Kings Co.) (Jury declares that NYPD officers acted pursuant to a City policy regarding the number of arrests officers were expected to make that violated plaintiff's constitutional rights and contributed to her arrest);

74. <u>Williams v. City of New York</u>, 06-CV-6601 (NGG) (E.D.N.Y.) (officers arrest plaintiff during a "vertical patrol" of a public housing project despite evidence that he had a legitimate reason to be on premises);

75. <u>MacNamara v. City of New York</u>, 04-CV-9216 (RJS)(JCF)(S.D.N.Y) (evidence of perjured sworn statements systematically provided by officers to attempt to cover up or justify unlawful mass arrests of approximately 800 people has been and continues to be developed in the consolidated litigation arising out of the 2004 Republican National Convention);

76. <u>McMillan v. City of New York</u>, 04-cv-3990 (FB)(RML) (E.D.N.Y.)(officers fabricated evidence against an African-American man in Kings County and initiated drug charges against him, despite an absence of an quantum of suspicion);

77.     <u>Nonneman v. City of New York</u>, 04-CV-10131 (JSR)(AJP) (S.D.N.Y.) (former NYPD lieutenant alleging retaliatory demotion and early retirement after reporting a fellow officer to IAB and CCRB for the officer's suspicionless, racially-motivated stop-and-frisk of a group of Hispanic youths);

78.     <u>Richardson v. City of New York</u>, 02-CV-3651 (JG)(CLP) (E.D.N.Y.) (officers fabricated evidence including knowingly false sworn complaints, against an African-American man in Kings County and initiated drug charges against him, despite an absence of any quantum of suspicion);

79.     <u>White-Ruiz v. City of New York</u>, 93-CV-7233 (DLC) (MHD), 983 F.Supp. 365, 380 (S.D.N.Y.) (holding that the NYPD had an "unwritten policy or practice of encouraging or at least tolerating a pattern of harassment directed at officers who exposed instances of police corruption");

80.     Exclusive: Muslim Woman Settles Racial Profiling Lawsuit with NYC but says Officials Refused to Meet with her to Discuss Police Abuse (Daily News, available at nydailynews.com/new-york/exclusive-woman-settles-racial-profiling-suit-nyc-article-1.2327196): After settling for over $37,000 after Mrs. Huq was arrested for Obstructing Pedestrian Traffic, police officials refused to change policy or meet to discuss additional training and supervision of officers;

81.     Two individuals were arrested after they filmed NYPD officers conduct stop-and-frisks at a car checkpoint. Christina Gonzales and Matthew Swaye said they were returning from a Bronx mall at about 10:30 p.m. when they noticed several vehicles stopped. When Gonzalez took out her camera to begin filming, they were arrested. DNA Info (May 21, 2013),

http://www.dnainfo.com/new-york/20130521/central-harlem/professional-agitators-on-nypd-wanted-flier-arrested-after-filiming-stop; and

82.     On June 20, 2013, NYPD officers arrested a photographer taking photographs of a Bushwick police station when he refused to tell the officers why he was taking the photographs. Shawn Randall Thomas was given two summonses for Disorderly conduct. DNA Info (June 20, 2013),   http://www.dnainfo.com/new-york/201306t20/bushwick/photographer-arrested-taking-pictures-of-police-station-house-bushwick).

83.     Defendant CITY OF NEW YORK maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant CITY OF NEW YORK acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

84.     The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, racial profiling, the excessive use of force and the right to due process.

85.     By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

## SIXTH CLAIM: VIOLATION OF THE RIGHT TO ASSOCIATE
### 42 U.S.C. § 1983, 4th and 14th Amendment Violations
### By Plaintiff Parents Against JOHN AND JANE DOE (1-5)

86.     Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

87.     Plaintiff Parents SHAUNDA JOHNSON, DEBORAH GREEN, have a liberty interest, protected by the Fourteenth Amendment, in the care, custody and management of their children.

88.     As a result of Defendant officers POLICE OFFICER JOEL PAULINO, SGT. CAMACHO & JOHN AND JANE DOE (1-5) police officers, falsely arresting, and then maliciously prosecuting Plaintiff Parents' infant children LG and NG suffered the loss of the association with their children; and said parents suffered extreme humiliation, pain and suffering, terror, mental anguish, and depression.

89.     By their conduct, as described herein, and acting under color of state law to deprive the Plaintiff Parents of their right to due process and their rights to be free from unreasonable seizures of Parents' infant children without probable cause as required by the Fourth and Fourteenth Amendments, defendants are liable for the violation of 42 U.S.C. § 1983.

## SEVENTH CLAIM: DEPRIVATION OF RIGHTS
### New York State Constitution Article I, §§§ 6, 11, & 12
### By All Plaintiffs Against JOHN and JANE DOE (1-5)

90.      Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

91.     By reason of the foregoing, and by arresting and detaining infant plaintiffs LG, and NG  without probable cause  or  reasonable  suspicion,  defendant officers POLICE

OFFICER JOEL PAULINO, SGT. CAMACHO & JOHN AND JANE DOE (1-5) police officers, deprived both infant plaintiffs and their Plaintiff Parents' SHAUNDA JOHNSON and DEBORAH GREEN of due process and equal protection of laws, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, § 6 (providing for due process), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws), and Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

92.    Defendant officers POLICE OFFICER JOEL PAULINO, SGT. CAMACHO & JOHN AND JANE DOE (1-5) police officers, acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive the plaintiffs of their constitutional rights secured by Article I, §§§ 6, 11 and 12 of the New York Constitution.

93.    Defendants, their officers, agents, servants, and employees were responsible for the deprivation of Plaintiffs' state constitutional rights.

## EIGHTH CLAIM: MALICIOUS PROSECUTION
### COMMON LAW CLAIM
Infant Plaintiffs Against JOHN AND JANE DOE (1-5)

94.    Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

95.    Defendant officers POLICE OFFICER JOEL PAULINO, SGT. CAMACHO & JOHN AND JANE DOE (1-5) police officers, in arresting infant Plaintiffs LG and NG,

17

maliciously initiated a prosecution, wherein the officers lacked probable cause to believe the proceeding could succeed which was confirmed when the Office of Corporation Counsel declined to prosecute charges against the aforesaid minors on September 16, 2015.

96.     Consequently, Plaintiffs have been damaged and hereby demands compensatory and punitive damages in  an amount to be proven at  trial against each of the defendants, individually and severally.

### NINTH CLAIM: FALSE IMPRISONMENT
COMMON LAW CLAIM
Infant Plaintiffs against JOHN AND JANE DOE (1-5)

97.     Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

98.     In falsely arresting infant Plaintiffs LG, and NG, defendants POLICE OFFICER JOEL PAULINO, SGT. CAMACHO & JOHN AND JANE DOE (1-5) police officers, intended to confine the infant Plaintiffs against their will. The Infant plaintiffs were conscious of their overnight confinement and Defendants had no right or privilege to confine said infants.

99.     Consequently, infant Plaintiffs have been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### TENTH CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
COMMON LAW CLAIM
By All Plaintiffs Against JOHN and JANE DOE (1-5)

100.    Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

101.    Defendant officers POLICE OFFICER JOEL PAULINO, SGT. CAMACHO &
JOHN AND JANE DOE (1-5) police officers, in maliciously, knowingly and intentionally,
arresting infant Plaintiffs without probable cause and separating infants from their parents, was
extreme, outrageous, and utterly intolerable in a civilized community; conduct which exceeded
all reasonable bounds of  decency.

102.    Defendants intended to and did cause severe emotional distress to all Plaintiffs.

103.    The conduct of the aforesaid defendants were the direct and proximate cause of
injury and damage to all Plaintiffs and violated Plaintiffs' statutory and common law rights as
guaranteed by the laws and Constitution of the State of New York.

104.    As a result of the foregoing, Plaintiff infants were deprived of their liberty, and
Plaintiff parents were deprived of the company of their infant children. All Plaintiffs were
subjected to serious physical and emotional pain and suffering, and were otherwise damaged and
injured.

### ELEVENTH CLAIM: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
COMMON LAW CLAIM
All Plaintiffs against JOHN and JANE DOE (1-5)

105.    Plaintiffs incorporate by reference the allegations set forth in all preceding
paragraphs as if fully set forth herein.

106.    Defendant officers POLICE OFFICER JOEL PAULINO, SGT. CAMACHO &
JOHN AND JANE DOE (1-5) police officers, in maliciously, arresting infant Plaintiffs without
probable cause and separating infants from their parents were careless and negligent as to the
emotional health of infant Plaintiffs LG and NG and their Parent Plaintiffs SHAUNDA

JOHNSON, DEBORAH GREEN,. Defendants actions caused severe emotional distress to all Plaintiffs.

107.    The acts and conduct of the aforesaid defendants were the direct and proximate cause of injury and damage to Plaintiffs and violated Plaintiffs statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

## TWELFTH CLAIM: NEGLIGENT SUPERVISION, RETENTION AND TRAINING
COMMON LAW CLAIM
All Plaintiffs against All Defendants (Except CITY OF NEW YORK)

108.    Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

109.    Defendant CITY OF NEW YORK negligently trained, retained, and supervised Defendant officers POLICE OFFICER JOEL PAULINO, SGT. CAMACHO & JOHN AND JANE DOE (1-5). The acts and conduct of said Defendants were the direct and proximate cause of injury and damage to Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

110.    Specifically if defendant officers POLICE OFFICER JOEL PAULINO, SGT. CAMACHO & JOHN AND JANE DOE (1-5) police officers, were better trained on conducting line up procedures and investigations infant plaintiffs LG and NG would not have been arrested.

111.    As a result of the foregoing, infant Plaintiffs were deprived of their liberty, were subjected to great physical and emotional pain and suffering, and was otherwise damaged and injured.

## THIRTEENTH AND FOURTEENTH CLAIMS: ASSAULT AND BATTERY
Common Law Claims
Infant Plaintiffs Against JOHN AND JANE DOE (1-5)

112.    Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

113.    Defendant officers POLICE OFFICER JOEL PAULINO, SGT. CAMACHO & JOHN AND JANE DOE (1-5) police officers, by intentionally handcuffing and falsely arresting infant Plaintiffs LG and NG, without their consent placed infants in fear of imminent harmful or offensive contact.

114.    As a result of Defendants' assault and battery of infant Plaintiffs, infants were subjected to great physical and emotional pain and suffering, and were otherwise damaged and injured.

## FIFTEENTH CLAIM FOR RELIEF: RESPONDEAT SUPERIOR
Common Law Claim
By All Plaintiffs Against CITY OF NEW YORK

115.    Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

116.    The conduct of defendant officers POLICE OFFICER JOEL PAULINO, SGT. CAMACHO & JOHN AND JANE DOE (1-5) police officers, occurred while they were on duty, in and during the course and scope of their duties and functions as New York City Police Officers and while they were acting as agents and employees of the Defendant CITY OF NEW YORK.

117.    Defendant CITY OF NEW YORK is liable to Plaintiffs under the common law doctrine of respondeat superior.

**WHEREFORE**, Plaintiffs demands judgment against the defendants individually and jointly and prays for relief as follows:

(a)     That Plaintiffs be compensated for the violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

(b)     That Plaintiffs be awarded punitive damages against the defendants; and

(c)     Award attorneys' fees pursuant to 42 U.S.C. § 1988;

(d)     Award costs of suit pursuant to 42 U.S.C. §§ 1920 and 1988

(e)     For such other further and different relief as to the Court may deem just and proper.

DATED:        April 14, 2017
              New York, New York

                                          _/s/_____
                                          Abraham M. George
                                          Law Offices of Abe George, P.C.
                                          44 Wall Street, 2nd Floor
                                          New York, NY 10005
                                          (P) 212-498-9803
                                          (F) 646-558-7533
                                          E-mail: abe@abegeorge.lawyer